# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA
### WESTERN DIVISION

FILED
DEC 28 2009
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIV. 09-5107 |
| Plaintiff, | |
| vs. | **CONSENT DECREE** |
| GREENPEACE, Inc., a California Corporation, a/k/a GREENPEACE USA, | |
| Defendant. | |

## I. BACKGROUND

**WHEREAS**, the United States of America ("United States"), on behalf of the Secretary of the Interior of the United States, filed a Complaint in this matter under 16 U.S.C. § 19jj-2, against Settling Defendant for climbing Mount Rushmore by and through its agents and employees on or about July 8, 2009, and seeking reimbursement from the Settling Defendant of Damages and Response Costs.

**WHEREAS**, Settling Defendant has entered into this Consent Decree arising out of the climbing of Mount Rushmore by agents and employees of Settling Defendant as alleged by Plaintiff in its complaint;

**WHEREAS**, Plaintiff and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid

litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest;

**THEREFORE**, with the consent of the Parties to this Consent Decree, it is **ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 16 U.S.C. § 19jj-2. This Court also has personal jurisdiction over the Settling Defendant. Settling Defendant consents to and shall not challenge the entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendant and Settling Defendant's successors and assigns. Any change in Settling Defendant's corporate ownership or legal status shall in no way alter responsibilities of Settling Defendant under this Consent Decree.

3. Settling Defendant agrees to provide to Plaintiff notice of any change in its corporate ownership or legal status, including but not limited to any transfer of assets or real or personal property. Notice required by this paragraph shall be made in accordance with Section XIV (Notices and Submissions) of this Consent Decree.

## IV. DEFINITIONS

4. Unless otherwise expressly defined herein, terms used in this Consent Decree which are defined in 16 U.S.C. § 19jj and applicable regulations shall be defined as such. Whenever terms listed below are used in this Consent Decree or in any Appendix, the following definitions shall apply:

    a. "Consent Decree" shall mean this Consent Decree

    b. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies, or instrumentalities of the United States.

    c. "Effective Date" shall be the date this Consent Decree is entered by the Court.

    d. "National Park Service" shall mean the United States National Park Service and any successor departments, agencies or instrumentalities of the United States.

    e. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

    f. "Parties" shall mean the United States, and the Settling Defendant.

    g. "Plaintiff" shall mean the United States.

    h. "Response costs" means the costs of actions taken by the Secretary of the Interior to prevent or minimize destruction or loss of or injury to park system resources; or to abate or minimize the

imminent risk of such destruction, loss, or injury; or to monitor ongoing effects of incidents causing such destruction, loss, or injury.

i. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

j. "Settling Defendant" shall mean Greenpeace, Inc., also known as Greenpeace USA, its current and former officers, directors, employees, contractors, agents, or other persons under its direction and its successors or assigns.

k. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

l. "Complaint" shall mean the Complaint filed against Settling Defendant for climbing Mount Rushmore on or about July 8, 2009.

## V. STATEMENT OF PURPOSE

5. By entering this Consent Decree, the mutual objective of the Parties is to settle the Plaintiff's Complaint for damages and response costs for the climbing of the Mount Rushmore National Memorial.

## VI. CONFESSION AND SATISFACTION OF JUDGMENT

6. Settling Defendant hereby agrees and confesses to entry of a judgment against the Settling Defendant and in favor of the Plaintiff in the

4

amount of One Hundred Thirty Thousand Eight Hundred Sixty-Six Dollars ($130,866) ("Confessed Judgment"). Plaintiff shall file this judgment as and where necessary to preserve secured creditor status in favor of Plaintiff. This judgment shall remain in effect until Settling Defendant has complied with all requirements in this Consent Decree. Upon approval and entry of this Consent Decree, it shall constitute the final judgment for resolution of Plaintiff's claims against Settling Defendant as they relate to the subject matter of the Complaint filed against Settling Defendant, and no other form of judgment shall be required under the terms of this Consent Decree. Thirty Thousand Eight Hundred Sixty-Six Dollars ($30,866) of the Confessed Judgment shall be paid by Greenpeace within five (5) days of the Effective Date, pursuant to wiring instructions provided by the United States. A portion of that judgment shall be distributed to the affected law enforcement agencies as follows: $3,465 to the National Park Service for overtime costs, $1,194 to the Rapid City/Pennington County Special Response Team for overtime costs, $736 to the South Dakota Highway Patrol for costs associated with air support, $206 to the Pennington County Sheriff's Office for costs associated with prisoner transport, and $265 to the National Park Service for gate repair. The remaining $25,000 shall be available to the United States to support Mount Rushmore, to promote conservation activities and for other such public programs as may be necessary, consistent with the directives for the distribution of community

restitution pursuant to 18 U.S.C § 3663(c). Settling Defendant also waives any claim it may have to recover the computer, video and climbing equipment and banner used by the climbers on Mount Rushmore.

## VII. **CERTIFICATION**

7. Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it:

   a. has not trespassed on any lands within the District of South Dakota since July 8, 2009;

   b. has not impeded law enforcement within the District of South Dakota since July 8, 2009;

   c. has not planned, prepared, and/or conspired to trespass on lands within the District of South Dakota and/or impede law enforcement since July 8, 2009.

8. In consideration of the covenant not to execute, Settling Defendant agrees that it will not trespass on any lands within the District of South Dakota subject to the effect of paragraph 10, below.

9. In consideration of the covenant not to execute, Settling Defendant agrees that it will not impede law enforcement within the District of South Dakota subject to the effect of paragraph 10, below.

10. Any violation occurring within five years of the Effective Date by the Settling Defendant of the conditions set forth in paragraphs 8 and 9 of this

Consent Decree shall constitute a material breach of the Consent Decree relieving the United States from its obligation contained in paragraph 12 of the Consent Decree and specifically allowing the United States to execute on Confessed Judgment.

11. Settling Defendant's failure to pay $30,866 as set forth in paragraph 6 of the Consent Decree shall constitute a material breach of the Consent Decree relieving the United States from its obligation contained in paragraph 12 of the Consent Decree and specifically allowing the United States to execute on the Confessed Judgment.

### VIII. COVENANT NOT TO EXECUTE ON CONFESSED JUDGMENT

12. Except as specifically provided in Paragraph 13 (Reservation of Rights by Plaintiff), Plaintiff covenants not to execute on the Confessed Judgment.

### IX. RESERVATION OF RIGHTS BY PLAINTIFF

13. The Plaintiff reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant in Paragraph 12. Notwithstanding any other provision of this Consent Decree, the Plaintiff reserves all rights against Settling Defendant with respect to:

    a. liability for failure of Settling Defendant to comply with any requirement of this Consent Decree. Settling Defendant's failure to

7

comply with any requirement of this Consent Decree shall constitute a material breach of the Consent Decree relieving the United States from its obligation contained in paragraph 12 of the Consent Decree and specifically allowing the United States to execute on the Confessed Judgment.;

    b.    criminal liability; and

    c.    liability arising out of Settling Defendant's activities other than those related to the climbing of Mount Rushmore-on July 8, 2009.

14. Notwithstanding any other provision of this Consent Decree, Plaintiff reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief, if any of the certifications made by Settling Defendant in Paragraph 7 are false or, in a material respect, inaccurate.

## X. COVENANTS NOT TO SUE BY PARTIES

15. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the Plaintiff, or its contractors or employees, with respect to the activities that are related to Plaintiff's Complaint. Subject to the Provisions of Section XII, Plaintiff covenants not to bring further suit and agrees not to assert any additional claims or causes of action against the Settling Defendant, or its contractors or employees, with respect to the activities that are related to Plaintiff's Complaint.

## XI. EFFECT OF SETTLEMENT

16. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law.

## XII. FAILURE TO COMPLY WITH CONSENT DECREE

17. If Settling Defendant does not comply with the obligations set forth in the Consent Decree, including but not limited to obligations relating to Settling Defendant's promise to not trespass upon lands in the District of South Dakota and to not impede law enforcement within the District of South Dakota, subject to the effect of paragraph 10, above, Settling Defendant shall be in material breach of this Consent Decree and the Plaintiff shall be entitled to immediately execute on the Confessed Judgment.

18. If Plaintiff brings and prevails in an action to enforce this Consent Decree, Settling Defendant shall reimburse Plaintiff for all costs of such action, including but not limited to costs and reasonable attorney's fees.

19. Execution of the Confessed Judgment shall be in addition to any other remedies or sanctions available to Plaintiffs by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

## XIII. MODIFICATION

9

20. Any modifications shall be made to this Consent Decree in writing by the Parties with approval of the Court.

21. Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

## XIV. NOTICES AND SUBMISSIONS

22. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, the State, and Settling Defendant, respectively.

As to the United States:

Diana Ryan
Civil Chief – Assistant U.S. Attorney
U.S. Attorney's Office
P. O. Box 2638
Sioux Falls, SD 57101-2638

As to Settling Defendant:

Thomas W. Wetterer
General Counsel
Greenpeace, Inc.
702 H Street, Suite 300
Washington, DC 20001

## XV. RETENTION OF JURISDICTION

23. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI. INTEGRATION

24. This Consent Decree constitutes the final, complete and exclusive Consent Decree and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

25. If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XVII. SIGNATORIES/SERVICE

26. The undersigned representatives of the Parties each certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

27. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

28. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVIII. FINAL JUDGMENT

29. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the Parties. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**FOR THE UNITED STATES OF AMERICA**

BRENDAN V. JOHNSON
United States Attorney
District of South Dakota

Date: 12/28/2009

By: /s/ Robert Gusinsky
ROBERT GUSINSKY
Assistant United States Attorney
515 Ninth Street, Suite 201
Rapid City, South Dakota 57701
(605) 342-7822
(605) 342-1108 (fax)
Robert.Gusinsky@usdoj.gov

**FOR DEFENDANT GREENPEACE, INC., a/k/a Greenpeace USA**

Date: 12-22-09        _____
                      (Attorney for Defendant)

**IT IS SO ORDERED** this 28th day of December, 2009.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE